## JIM JOHNSON v. THE STATE.

1. VARIANCE between an information and the affidvavit therefor, in any of their material allegations, is error for which the conviction must be set aside and the cause dismissed.

2. SAME — THEFT. — Affidavit alleged that the property of B. was stolen from the possession of S., whereas the information charged that the property of B. was stolen from his own possession. *Held,* a fatal variance in a material allegation.

APPEAL from the County Court of Gregg. Tried below before the Hon. J. F. WITHERSPOON.

No brief for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WHITE, J. The affidavit upon which the information in this case was based was made by one J. S. Smith, and charges " that Jim Johnson did take, steal, and carry away out of the possession *of him, affiant,* and the property of C. O. Bowen, four watch-chains, of the value of three dollars and fifty cents," etc. In the information the charge is that the accused " did, then and there, without the consent of the owner, fraudulently take, steal, and carry away, *from and out of the possession of one C. O. Bowen,* four watch-chains, of the value of three dollars and fifty cents," etc.

As was said by this court in *Davis* v. *The State,* 2 Texas Ct. App. 184, that by the 8th section of the act of 1876 (Acts Fifteenth Legislature, 20), providing the mode of procedure in prosecutions by information, the affidavit is made a most important and fundamental part of the information. "The information shall be based upon it," is the language used. It follows that if the information must be based upon the affidavit, then the offense stated in the information must be

characterized by, and correspond with, that as stated in the affidavit. See *Daniels* v. *The State*, 2 Texas Ct. App. 353 ; *Thornberry* v. *The State*, 3 Texas Ct. App. 36 ; *Turner* v. *The State*, 3 Texas Ct. App. 551; *Deon* v. *The State*, 3 Texas Ct. App. 435.

As seen from the charging portions of the two instruments above quoted, the information does not follow or correspond with the affidavit as to the person from whose possession the property was stolen, but alleges that it was stolen from the possession of another and different person from the one alleged in the affidavit.

This is a fatal variance, which renders it necessary that the judgment below should not only be reversed but, because, for the reasons stated, the information being also invalid, the case must be dismissed.

*Reversed and dismissed.*